IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SIXTO SANCHEZ LUGO, #62786-097 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv20 |
| | | CRIM. NO. 4:06cr14(1) |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice because it was filed beyond the statute of limitations. Movant filed objections.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

In his objections, Movant asserts that the Court should consider the merits of his case as he is actually innocent. Actual innocence can be a gateway through which a habeas petitioner must pass in order to have an otherwise barred (i.e. procedurally defaulted) constitutional claim considered on the merits. *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000). In this case, Movant is trying to use his claim of actual innocence to excuse the operation of the statute of limitations, a theory

1

which the Fifth Circuit has rejected. In *House v. Bell*, 126 S. Ct. 2064 (2006), the Supreme Court held that "in certain exceptional cases involving a compelling claim of actual innocence, the state procedural-default rule is not a bar to a federal habeas corpus petition." This comports with the long-standing rule that actual innocence is a gateway, not a free-standing claim in and of itself. The Supreme Court held that to establish actual innocence in the context of a gateway to a defaulted claim, the petitioner must show that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Id*. at 2077. Movant has failed to meet this standard. He has failed to "show" actual innocence through sufficient evidence. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of February, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE